

IN THE DISTRICT COURT OF OKLAHOMA
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

NOV 17 2016

RICK WARREN
COURT CLERK
89_____

VICTOR ORDAZ and TRICIA )
ORDAZ, as Surviving Parents of )
DYLAN ORDAZ, Deceased, )
)
Plaintiffs, )
)
vs. )  CASE NO. CJ-2015-3057
)  Judge Bryan C. Dixon
ZIGGYZ ONLINE, INC. d/b/a )
ZIGGYZ; ROGER ZHU; )
XIANG YU "JOHNNY" REN; )
WEI YU "WENDY" REN; and )
RENREN IRREVOCABLE TRUST, )
)
Defendants. )

## PLAINTIFF'S MOTION TO ENFORCE SUBPOENA *DUCES TECUM*

COMES NOW the Plaintiffs and for their Motion to Enforce Subpoena Duces Tecum state as follows:

### INTRODUCTION

On or about 1/21/15, Dylan Ordaz, age 23, died after smoking "synthetic marijuana" purchased from the defendants. Unbeknownst to Dylan, the product Defendants sold Dylan was a package of "Get Real" which contained a toxic level of the banned substance, "AB Pinaca". Defendant Ziggyz was owned and operated by Wei Yu "Wendy" Ren and Xiang Yu "Johnny" Ren, brother and sister.

Plaintiffs are in great need of learning the identities of the companies that manufactured and distributed such synthetic marijuana so that they can add such entities as defendants in their

EXHIBIT 2 - Motion to Enforce Subpoena

wrongful death lawsuit. **Plaintiffs need such information in an expedited manner because the statute of limitations runs on 1/21/17.** Plaintiffs' counsel has feverishly attempted to discover such information by working with two Assistant US attorneys over the last several months to no avail.

So, Plaintiffs' counsel served Subpoenas *Duces Tecum* on the FBI, DEA, and US Attorney's office requesting simple access to the documents needed to verify the identities of those that manufactured and distributed the toxic product. (See Subpoena *Duces Tecum* attached as Exh. 1)

Plaintiffs' counsel was advised on 11/14/16 by Assistant U.S. Attorney Wilson McGarry, that none of the entities served will comply with the subpoenas served on them. As such, Plaintiffs have no choice but to seek Judicial relief *via* the instant motion.

Plaintiffs have complied with all applicable laws in requesting such information from the United States government including providing a Touhy request to each of the governmental entities previously noted. (See Touhy request attached as Exh. 2) Plaintiffs have reproduced the contents of the Touhy request below as it addresses all of the statutory concerns the government would have:

## ARGUMENT AND AUTHORITIES

The United States Government possesses the information requested due to its multi-jurisdictional raid (including the FBI and DEA) of Ziggyz warehouse wherein it confiscated literally tons of product including numerous boxes of "synthetic marijuana" product identical or substantially similar to the "Get Real" product ingested by young Dylan Ordaz. Such raid was part of a federal criminal proceeding, *United States of America v. Wei Yu Ren a/k/a Wendy Ren*, Case

EXHIBIT 2 - Motion to Enforce Subpoena

No. M-15-350-CG. Such case has been dismissed. **There is no current criminal or civil case pending against Xiang Yu "Johnny" Ren or Wei Yu "Wendy" Ren.**

Plaintiffs believe that holding the manufacturer/distributer of such synthetic marijuana accountable in a court of law is in the public interest and could cause the current epidemic of synthetic marijuana use to wane and thus should weigh heavily toward release of such information.

Plaintiffs request that the US Government, US Attorney's Office, and any other related agencies permit their counsel the opportunity to simply view and photograph all documents, contracts, emails, texts, shipping details, shipping labels, receipts, package inserts, shipping box inserts, containers, routing documents, bills of lading, ledgers, and anything else that:

> a) Would identify the company or companies that manufactured/shipped/distributed herbal incense products to the subpoenaed store, identical or similar to the product depicted on Attachment A.
>
> b) Would identify the company or companies that manufactured/shipped/distributed herbal incense products to the subpoenaed store, commonly referred to as "fake", "spice", "K2", and/or "synthetic marijuana".

Plaintiffs' counsel will, in no way, alter, tamper with, or destroy such documentary evidence. As such, spoliation should not be an issue.

### Such Information Is Not Available From Another Source

The information needed by Plaintiffs to identify the manufacturer/distributor of the synthetic marijuana is not available from any other source. Plaintiffs' counsel has taken a sworn statement from the owner of the current iteration of Ziggyz with no luck. Such owner did not know any of the information sought by Plaintiffs and testified that the United States confiscated all such product as well as all documentation and records that would show who distributed the subject

EXHIBIT 2 - Motion to Enforce Subpoena

product. Plaintiffs' counsel has subpoenaed all 7 known similar stores in the Oklahoma City area in an attempt to learn the information sought with no luck. The United States has all of the subject product as well as all documentary evidence that Plaintiffs need in order to protect their rights in their civil wrongful death lawsuit.

### This Touhy Request Complies With 28 CFR §16.26

28 CFR §16.26 provides six factors to consider when deciding to disclose requested information. Those factors include whether:

> **(1)** Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P., Rule 6(e),
>
> **(2)** Disclosure would violate a specific regulation;
>
> **(3)** Disclosure would reveal classified information, unless appropriately declassified by the originating agency,
>
> **(4)** Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,
>
> **(5)** Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired,
>
> **(6)** Disclosure would improperly reveal trade secrets without the owner's consent.

Plaintiffs would argue that none of the six factors listed above exist in the instant matter. First, disclosure of the requested information does not violate any statute, rule, or procedure. Second, disclosure would not violate a specific regulation. Third, none of the information sought, namely the identities of certain manufacturers/distributers of consumer products would not reveal

EXHIBIT 2 - Motion to Enforce Subpoena

classified information. Fourth, there is no confidential informant or source to reveal. Fifth, disclosure, would in no way interfere with any ongoing enforcement proceedings or disclose investigative techniques and procedures. Plaintiffs simply seek identities of certain business entities for the purpose of protecting the statute of limitations in naming proper defendants in a civil wrongful death action. Sixth, no trade secrets exist in this matter.

## CONCLUSION

What Plaintiffs are requesting is very simple. It is information. Allowing Plaintiffs' counsel to view the source of this deadly product can in no way interfere with any ongoing investigations. Without such information, Plaintiffs will be forever barred from pursuing parties responsible for their son's death. Justice requires just a little cooperation from our government in this situation.

Respectfully submitted,

Mark A. Cox OBA #13630
Law Office of Mark A. Cox, PLLC
15401 N. May Ave., Suite 400
Edmond, Oklahoma 73013
T(405)285-5444 F(405)293-8881
Mark@MarkCoxLaw.com

and

L. Ray Maples, II, OBA # 18586
Glendell D. Nix, OBA # 13747
Nicole R. Snapp-Holloway, OBA # 18472
MAPLES, NIX & DIESSELHORST
2908 Via Esperanza
Edmond, OK  73013
Telephone:  (405) 478-3737

EXHIBIT 2 - Motion to Enforce Subpoena

Facsimile: (405) 513-8121
Ray@MNDlawfirm.com
Glendell@MNDlawfirm.com
Nicole@MNDlawfirm.com
***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I hereby certify that on __11/18/16__, a true and correct copy of the above and foregoing pleading was sent, *via* USPS, to the following:

Edward F. Saheb
3817 NW Expressway #770
Oklahoma City, OK 73112

Wilson McGarry
Assistant US Attorney-Western District of Oklahoma
210 West Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102

EXHIBIT 2 - Motion to Enforce Subpoena

IN THE DISTRICT COURT OF OKLAHOMA
STATE OF OKLAHOMA

VICTOR ORDAZ and TRICIA )
ORDAZ, as Surviving Parents of )
DYLAN ORDAZ, Deceased, )
)
Plaintiffs, )
)
vs. ) CASE NO. CJ-2015-3057
) Judge Bryan C. Dixon
ZIGGYZ ONLINE, INC. d/b/a )
ZIGGYZ; ROGER ZHU; )
XIANG YU "JOHNNY" REN; )
WEI YU "WENDY" REN; and )
RENREN IRREVOCABLE TRUST, )
)
Defendants. )

## CIVIL SUBPOENA *DUCES TECUM*

STATE OF OKLAHOMA )
) ss.
)
COUNTY OF OKLAHOMA )

**THE STATE OF OKLAHOMA TO: Federal Bureau of Investigation**
**Oklahoma City Office**
**3301 West Memorial Rd.**
**Oklahoma City, Oklahoma 73134-7098**

**GREETINGS:** You are hereby commanded to produce and permit inspection, copying, testing or sampling of designated books, documents, electronically stored information or tangible things, at a time and place therein specified requested on the sheet attached hereto labeled "Exhibit A", at the below named place, on or before the below stated date regarding the above matter. In order to allow objections to the production of documents and things to be filed, you should not produce them until the date specified in this subpoena, and if an objection is filed, until the court rules on the objection.

**ADDRESS AT WHICH TO PRODUCE:** The Law Office of Mark A. Cox, PLLC, 15401

N. May Ave. Suite 400, Edmond, OK, 73013

**DATE ON WHICH TO APPEAR:** Before January 15, 2017

EXHIBIT 2 - Motion to Enforce Subpoena Exh 1

**TIME AT WHICH TO APPEAR:** Before end of business time on or before above stated date.

**YOU ARE COMMANDED TO PRODUCE DOCUMENTS OR ITEMS LISTED ON THE PAGE ATTACHED HERETO.**

**Fail not under penalty of law.**

Respectfully submitted,

Mark A. Cox OBA #13630
Law Office of Mark A. Cox, PLLC
15401 N. May Ave., Suite 400
Edmond, Oklahoma 73013
T(405)285-5444 F(405)293-8881
Mark@MarkCoxLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on 10.25.16, a true and correct copy of the above and foregoing pleading was sent, via USPS, to the following:

Edward F. Saheb
3817 NW Expressway #770
Oklahoma City, OK 73112

EXHIBIT 2 - Motion to Enforce Subpoena

EXHIBIT A

1. All documents, contracts, emails, texts, recordings, shipping details, shipping labels, receipts, package inserts, shipping box inserts, routing documents, bills of lading, ledgers, and anything else that:

    a) Would identify the company or companies that manufactured/shipped/distributed products to Ziggyz stores in Oklahoma, identical or similar to the product depicted on Attachment A.

    b) Would identify the company or companies that manufactured/shipped/distributed products to Ziggyz stores in Oklahoma, commonly referred to as "fake", "spice", "K2", and/or "synthetic marijuana".

    c) Would identify the company or companies that manufactured/shipped/distributed products to Ziggyz stores in Oklahoma, identical or similar to the product depicted on Attachment A, which were confiscated by United States government officials as part of criminal case *United States of America v. Wei Yu Ren, a/k/a Wendy Ren*, Case No. M-15-350-CG.

    d) Would identify the company or companies that manufactured/shipped/distributed products to Ziggyz stores in Oklahoma, commonly referred to as "fake", "spice", "K2", and/or "synthetic marijuana", which were confiscated by United States government officials as part of criminal case *United States of America v. Wei Yu Ren, a/k/a Wendy Ren*, Case No. M-15-350-CG.

EXHIBIT 2 - Motion to Enforce Subpoena



FRONT



BACK

Attachment "A"

EXHIBIT 2 - Motion to Enforce Subpoena



Law Office of
# MARK A. COX PLLC
Attorney & Counselor at Law

15401 N. May Ave., Suite 400
Edmond, Oklahoma 73013
Phone (405) 285-5444
Fax (405) 293-8881
Mark@MarkCoxLaw.com
www.MarkCoxLaw.com

| | | | | | |
|---|---|---|---|---|---|
| Trucking Accidents | Medical Malpractice | Defective Products | Spinal Cord Injuries | Medical Devices | Insurance Disputes |
| Car Accidents | Nursing Home Neglect | Fires & Explosions | Burn Injuries | Construction Accidents | Disability |
| Motorcycle Accidents | Birth Injuries | Train Accidents | Brain Injuries | Electrical Accidents | Workers' Comp. |

### TOUHY REQUEST FOR INFORMATION OTHER THAN ORAL TESTIMONY

November 14, 2016

Wilson McGarry
Assistant US Attorney-Western District of Oklahoma
210 West Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102

Re: *Touhy* request

Dear Mr. McGarry:

As we discussed by phone on 10/24/16 and pursuant to 28 CFR §16.22(d), please allow this letter to serve as my *Touhy* request to the Department of Justice requesting the production for inspection of certain documents and things in the possession of the Department of Justice, FBI, and/or the DEA.

**Background**

I represent Victor and Tricia Ordaz, the parents of Dylan Ordaz, deceased. My clients are plaintiffs in a wrongful death lawsuit pending before the Honorable Bryan Dixon in Oklahoma County District Court against *inter alia* Ziggyz Online, Inc. d/b/a Ziggyz; Xiang Yu "Johnny" Ren; Wei Yu "Wendy" Ren; and RenRen Irrevocable Trust Case No. CJ-2015-3057.

On or about 1/21/15, Dylan Ordaz, age 23, died after smoking "synthetic marijuana" purchased from the defendants. Unbeknownst to Dylan, the product Defendants sold Dylan was a package of "Get Real" which contained a toxic level of the banned substance, "AB Pinaca". Defendant Ziggyz was owned and operated by Wei Yu "Wendy" Ren and Xiang Yu "Johnny" Ren, brother and sister.

# COXLAW

Exh 2

EXHIBIT 2 - Motion to Enforce Subpoena

<-1>

<-1>



Law Office of
# MARK A. COX PLLC
Attorney & Counselor at Law

15401 N. May Ave., Suite 400
Edmond, Oklahoma 73013
Phone (405) 285-5444
Fax (405) 293-8881
Mark@MarkCoxLaw.com
www.MarkCoxLaw.com

---

| | | | | | |
|---|---|---|---|---|---|
| Trucking Accidents | Medical Malpractice | Defective Products | Spinal Cord Injuries | Medical Devices | Insurance Disputes |
| Car Accidents | Nursing Home Neglect | Fires & Explosions | Burn Injuries | Construction Accidents | Disability |
| Motorcycle Accidents | Birth Injuries | Train Accidents | Brain Injuries | Electrical Accidents | Workers' Comp. |

Plaintiffs are in great need of learning the identities of the companies that manufactured and distributed such synthetic marijuana so that they can add such entities as defendants in their wrongful death lawsuit. **Plaintiffs need such information in an expedited manner because the statute of limitations runs on 1/21/17.** Plaintiffs' counsel has feverishly attempted to discover such information by working with two Assistant US attorneys over the last several months to no avail.

The United States Government possesses the information requested due to its multi-jurisdictional raid (including the FBI and DEA) of Ziggyz warehouse wherein it confiscated literally tons of product including numerous boxes of "synthetic marijuana" product identical or substantially similar to the "Get Real" product ingested by young Dylan Ordaz. Such raid was part of a federal criminal proceeding, *United States of America v. Wei Yu Ren a/k/a Wendy Ren*, Case No. M-15-350-CG. Such case has been dismissed. **There is no current criminal or civil case pending against Xiang Yu "Johnny" Ren or Wei Yu "Wendy" Ren.**

Plaintiffs believe that holding the manufacturer/distributer of such synthetic marijuana accountable in a court of law is in the public interest and could cause the current epidemic of synthetic marijuana use to wane and thus should weigh heavily toward release of such information.

Plaintiffs request that the US Government, US Attorney's Office, and any other related agencies permit their counsel the opportunity to simply view and photograph all documents, contracts, emails, texts, shipping details, shipping labels, receipts, package inserts, shipping box inserts, containers, routing documents, bills of lading, ledgers, and anything else that:

a) Would identify the company or companies that manufactured/shipped/distributed herbal incense products to the subpoenaed store, identical or similar to the product depicted on Attachment A.

b) Would identify the company or companies that manufactured/shipped/distributed herbal incense products to the subpoenaed

# COXLAW

EXHIBIT 2 - Motion to Enforce Subpoena



Law Office of
## MARK A. COX PLLC
Attorney & Counselor at Law

15401 N. May Ave., Suite 400
Edmond, Oklahoma 73013
Phone (405) 285-5444
Fax (405) 293-8881
Mark@MarkCoxLaw.com
www.MarkCoxLaw.com

---

| | | | | | |
|---|---|---|---|---|---|
| Trucking Accidents | Medical Malpractice | Defective Products | Spinal Cord Injuries | Medical Devices | Insurance Disputes |
| Car Accidents | Nursing Home Neglect | Fires & Explosions | Burn Injuries | Construction Accidents | Disability |
| Motorcycle Accidents | Birth Injuries | Train Accidents | Brain Injuries | Electrical Accidents | Workers' Comp. |

store, commonly referred to as "fake", "spice", "K2", and/or "synthetic marijuana".

Plaintiffs' counsel will, in no way, alter, tamper with, or destroy such documentary evidence. As such, spoliation should not be an issue.

### Such Information Is Not Available From Another Source

The information needed by Plaintiffs to identify the manufacturer/distributor of the synthetic marijuana is not available from any other source. Plaintiffs' counsel has taken a sworn statement from the owner of the current iteration of Ziggyz with no luck. Such owner did not know any of the information sought by Plaintiffs and testified that the United States confiscated all such product as well as all documentation and records that would show who distributed the subject product. Plaintiffs' counsel has subpoenaed all 7 known similar stores in the Oklahoma City area in an attempt to learn the information sought with no luck. The United States has all of the subject product as well as all documentary evidence that Plaintiffs need in order to protect their rights in their civil wrongful death lawsuit.

### This Touhy Request Complies With 28 CFR §16.26

28 CFR §16.26 provides six factors to consider when deciding to disclose requested information. Those factors include whether:

(1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P., Rule 6(e),

(2) Disclosure would violate a specific regulation;

(3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency,

(4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,

## COXLAW

EXHIBIT 2 - Motion to Enforce Subpoena



Law Office of
# MARK A. COX PLLC
Attorney & Counselor at Law

15401 N. May Ave., Suite 400
Edmond, Oklahoma 73013
Phone (405) 285-5444
Fax (405) 293-8881
Mark@MarkCoxLaw.com
www.MarkCoxLaw.com

---

| Trucking Accidents | Medical Malpractice | Defective Products | Spinal Cord Injuries | Medical Devices | Insurance Disputes |
| Car Accidents | Nursing Home Neglect | Fires & Explosions | Burn Injuries | Construction Accidents | Disability |
| Motorcycle Accidents | Birth Injuries | Train Accidents | Brain Injuries | Electrical Accidents | Workers' Comp. |

**(5)** Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired,

**(6)** Disclosure would improperly reveal trade secrets without the owner's consent.

Plaintiffs would argue that none of the six factors listed above exist in the instant matter. First, disclosure of the requested information does not violate any statute, rule, or procedure. Second, disclosure would not violate a specific regulation. Third, none of the information sought, namely the identities of certain manufacturers/distributers of consumer products would not reveal classified information. Fourth, there is no confidential informant or source to reveal. Fifth, disclosure, would in no way interfere with any ongoing enforcement proceedings or disclose investigative techniques and procedures. Plaintiffs simply seek identities of certain business entities for the purpose of protecting the statute of limitations in naming proper defendants in a civil wrongful death action. Sixth, no trade secrets exist in this matter.

Thank you for your consideration of this request. Please contact me directly to discuss this request or if you need any additional information. As time is of the essence, I look forward to hearing from you soon.

Sincerely,

Mark A. Cox

# COXLAW

EXHIBIT 2 - Motion to Enforce Subpoena