# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICTOR ORDAZ and TRICIA ORDAZ, as surviving parents of DYLAN ORDAZ, deceased, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-16-1435-M ) |
| ZIGGYZ ONLINE, INC. d/b/a ZIGGYZ, ROGER ZHU, XIANG YU "JOHNNY" REN, WEI YU "WENDY" REN, and RENREN IRREVOCABLE TRUST, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiffs' Amended Motion to Enforce Subpoena *Duces Tecum* and Request for Expedited Ruling and Request to Order Shortened Response Time and Supporting Brief, filed December 19, 2016. On December 23, 2016, the United States filed its response. Plaintiff filed no reply. Based on the parties' submissions, the Court makes its determination.

On May 29, 2015, plaintiffs filed this action against defendants in the Oklahoma County District Court, State of Oklahoma. On October 25, 2016, plaintiffs served a subpoena *duces tecum* in state court on the Federal Bureau of Investigation ("FBI"). *See* Resp. Ex. 4, Civil Subpoena *Duces Tecum*. The subpoena seeks information regarding the manufacturer/distributor of the synthetic marijuana plaintiffs allege was sold to their decedent son by defendants and contributed to his death after use. On November 17, 2016, plaintiffs filed their Motion to Enforce Subpoena *Duces Tecum* in state court. *See* Resp. Ex. 7, Plaintiff's [sic] Motion to Enforce Subpoena *Duces Tecum*. On December 16, 2016, pursuant to 28 U.S.C. § 1442(a), the United States removed this action to this Court. *See* [docket no. 1]. Subsequently, plaintiffs filed this

instant motion seeking an order from this Court enforcing its subpoena *duces tecum* issued to the FBI.

Plaintiffs contend that, as there is no current criminal or civil case pending against defendants Xiang Yu "Johnny" Ren or Wei Yu "Wendy" Ren, the United States should permit their counsel

> the opportunity to view and photograph all documents, contracts, emails, text, shipping, details, shipping labels, receipts, package inserts, shipping box inserts, containers, routing documents, bills of lading, ledgers, and anything else that:
>
> a) Would identify the company or companies that manufactured/shipped/distributed herbal incense products to the subpoenaed store, identical, or similar to the product depicted on Attachment A [of the subpoena *duces tecum]*
>
> b) Would identify the company or companies that manufactured/shipped/distributed herbal incense products to the subpoenaed store, commonly referred to as "fake", "spice", "K2", and/or "synthetic marijuana".

Mot. to Enforce at 5.[1] Plaintiffs further contend that the requested information is not available from another source. The United States asserts that based on its sovereign immunity, plaintiffs' subpoena *duces tecum* should be quashed.

"It long has been established . . . that the United States, as sovereign, is immune from suit save as it consents to be sued . . . ." *United States v. Testan*, 424 U.S. 392, 399 (1976). This includes federal agencies such as the FBI. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Further, "the term 'suit' broadly comports with the core notion of sovereign immunity that in the absence of governmental consent, the courts *lack jurisdiction* to 'restrain the government from

---

[1] The United States advises that the criminal complaint against Wendy Ren was dismissed on October 13, 2016; however, the criminal investigation into other persons of interest in the distribution of synthetic cannabinoids is ongoing.

acting, or to compel it to act.'" *United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 931 (10th Cir. 1996) (citing *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 704 (1949)). Therefore, a subpoena deuces tecum served on the United States, "regardless of whether it is a party to the underlying action, is a suit" and triggers the government's sovereign immunity. *Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155, 1160 (10th Cir. 2014).

Having carefully reviewed the parties' submissions, the Court finds that it lacks jurisdiction to enforce plaintiffs' subpoena *duces tecum* against the FBI, and that plaintiffs' subpoena *duces tecum* should be quashed. Accordingly, the Court DENIES Plaintiffs' Amended Motion to Enforce Subpoena *Duces Tecum* and Request for Expedited Ruling and Request to Order Shortened Response Time and Supporting Brief [docket no. 7], QUASHES plaintiffs' Civil Subpoena *Duces Tecum* issued to the FBI, and REMANDS this matter back to state court for further proceedings between the named parties.

**IT IS ORDERED this 17th day of January, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE